# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

LASHON HUDSON,                 )
                                   )
        Plaintiff,            )
                                   )
      v.                     )          Case No.  6:25-cv-03382-MDH
                                   )
ARTHUR HOBBS, et al.,         )
                                   )
        Defendants.      )

## ORDER

Before the Court is Defendants Arthur Hobbs, Cindy Roach, and Ladonna Buckner's (collectively "Defendants") Motion to Dismiss. (Doc. 9). Defendants filed Suggestions in Support (Doc. 10) and Plaintiff filed Suggestions in Opposition (Doc. 14). Defendants have failed to reply and the time to do so has elapsed. The motion is now ripe for adjudication on the merits. For the reasons stated herein, Defendants' Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**.

## BACKGROUND

This case arises out of the death of Michael Hudson, a prisoner in the custody of the Missouri Department of Corrections and housed at the South Central Correctional Center ("SCCC") in Licking, Missouri. Plaintiff LaShon Hudson is the mother of Michael Hudson and a resident of the State of Missouri. Defendant Arthur Hobbs was employed as a Correctional Officer at SCCC and was the supervising officer in Housing Unit 6 ("HU6"). Defendant Cindy Roach was employed as a case manager at the facility and was responsible for the offenders incarcerated in Housing Unit 6. Defendant Ladonna M. Buckner was employed as the Warden of SCCC. All Defendants are sued in their individual capacity.

1

Plaintiff states that Michael Hudson was incarcerated at SCCC and housed in HU6. Plaintiff alleges that multiple offenders in HU6 are members of a "security threat group" or "STG," commonly known as a prison gang. Plaintiff states that it was well known in the facility by correctional officers and other prison staff that Mr. Hudson had been antagonized and harassed by STG. Plaintiff alleges that a hit had been placed on Mr. Hudson by the leader of STG, Offender Baker. Plaintiff further alleges that Mr. Hudson was attacked by several STG gang members while in the yard. After learning about these attacks, Plaintiff started reach out to staff members, including Defendant Cindy Roach, to try and get her son placed in protective custody. Plaintiff alleges Defendant Roach did not act, investigate nor move Mr. Hudson to a different housing unit.

On December 15, 2023, it is alleged that Defendant Hobbs had heard from prisoners that there would be a fight between the STG and individuals not affiliated with the gang. Plaintiff alleges that Defendant Hobbs had personal knowledge that members of the STG physically attacked Mr. Hudson in the week before the assault. Further, Plaintiff alleges that Defendant Hobbs had been informed on the day of the assault by another officer, Kenneth Hunt, that Mr. Hudson was going to be involved in a fatal fight with an STG member that day. Plaintiff states that Defendant Hobbs received this information well before the attack and did not report the specific threat nor took any action to protect Mr. Hudson. It is further alleged that on December 15, 2023, Defendant Hobbs designated Adrienne McCane as the housing unit control room officer in HU6. That same day Officer McCane allegedly falsely documented the security checks as complete in all wings of HU6 on the chronological log, even though the checks had never been completed. Mr. Hudson was ultimately assaulted on the floor of HU6 by offender Kevon Lee and was stabbed fourteen times with a homemade knife. As a direct result of this assault, Mr. Hudson died.

Plaintiff brings her Complaint alleging three counts under 42 U.S.C. § 1983: Count I - Deliberate Indifference in Violation of the Eighth Amendment Right to Be Free Cruel and Unusual Punishment against Defendant Roach; Count II - Deliberate Indifference in Violation of the Eighth Amendment Right to be Free from Cruel and Unusual Punishment against Defendant Hobbs; and Count III - Deliberate Indifference in Violation of the Eighth Amendment Right to be Free from Cruel and Unusual Punishment against Defendant Buckner. Defendants bring their current motion seeking to dismiss Plaintiff's Complaint arguing that Plaintiff fails to allege any involvement by Defendants in the circumstances directly causing Mr. Hudson's death. Defendants also argue that they are entitled to qualified immunity. The Court will evaluate whether dismissal is appropriate for each Defendant.

**STANDARD OF REVIEW**

A complaint must contain factual allegations that, when accepted as true, are sufficient to state a claim of relief that is plausible on its face. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (internal citations omitted). The complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level," and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 545 (2007). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

3

## I. Defendant Roach

Defendants argue that no controlling authority is sufficiently similar to place Defendants on notice that their conduct was unlawful, and Plaintiff never alleges with particularity that Defendants acted far beyond the bounds of their official duties. Thus, Defendants argue that they are entitled to qualified immunity. Defendants further argue that Plaintiff never alleges any bona fide threat reported to Defendants and alleges only that at some point the alleged gang placed an alleged hit on Mr. Hudson.

Plaintiff argues that the Complaint alleges that both Mr. Hudson and the Plaintiff directly alerted Defendant Roach to the threat to Mr. Hudson's safety and requested that he be moved. Plaintiff asserts that these warnings placed Defendant Roach on notice of a specific and ongoing danger to an inmate under her supervision. Plaintiff alleges that Defendant Roach did not act on those requests and did not investigate the threat. Plaintiff further alleges that Defendant Roach kept Hudson in HU6 despite prior gang assaults, direct requests for transfer and protection, and her awareness of an ongoing threat to his safety.

To establish an Eighth Amendment failure-to-protect claim, the Plaintiff must show that the prison officials were deliberately indifferent to a substantial risk of serious harm. *Bordeaux v. Bicknase*, 76. F.4th 780, 784 (8th Cir. 2023) (citing *Young v. Selk*, 508 F.3d 868, 872 (8th Cir. 2007)). That is, the defendants "actually kn[ew] of the substantial risk [of serious harm] and fail[ed] to respond reasonably to it." *Nelson v. Shuffman*, 603 F.3d 439, 446 (8th Cir. 2010) (citation omitted).

Taking the allegations as true for the purpose of a motion to dismiss, the Court finds that Plaintiff has raised a right to relief above a speculative level as to Defendant Roach. Plaintiff's Complaint alleges:

> After learning about previous attacks by gang members, Plaintiff Hudson started reaching out to staff members, including Defendant Cindy Roach, to try and get her son placed in protective custody. Defendant Roach did not act or investigate the requests. Following the previous assaults, [Mr.] Hudson asked Defendant Roach, the Case Manager of HU6, to move him to a different housing unit. Defendant Roach kept Hudson in HU6 despite the various attacks by the gang on Hudson, Hudson's request to be moved, and knowledge of the continued threat on Hudson by the gang.

(Complaint ¶¶ 26-28). Plaintiff further alleges that:

> Defendant Roach was responsible for Hudson's safety. Defendant Roach was aware that Hudson had requested a transfer from that Housing Unit because of a legitimate and immediate threat to his safety. Defendant Roach deliberately disregarded Hudson's and his mother's requests to be transferred and, by failing to investigate his motivations for transfer, was indifferent to the safety risks to Hudson necessitating a unit transfer. Upon information and belief, Defendant Roach knew that Hudson was under a substantial risk of bodily harm, up to and including, fatal harm by other inmates in his housing unit. Defendant Roach knew that Hudson had been assaulted in the week prior to his fatal assault.

(Complaint ¶¶ 61-64). The Complaint demonstrates that Defendant Roach was aware of previous assaults on Mr. Hudson, and that there were at least two requests to move Mr. Hudson to a different housing unit. The Complaint states no investigation was done and no action was taken by Defendant Roach to prevent further assaults to Mr. Hudson. Further, the Eighth Circuit has clearly outlined the necessary elements as to an Eighth Amendment failure to protect claim that applies to members of the SCCC. At this stage of the litigation, this is enough to continue the claims of Plaintiff against Defendant Roach. For the reasons stated, Defendants' Motion to Dismiss Defendant Roach is **DENIED**.

## II.     Defendant Hobbs

The Defendants raise the same arguments as to Defendant Roach as they do to Defendant Hobbs. The Plaintiff argues that the Complaint alleges that Officer Kenneth Hunt told Defendant Hobbs on the morning of December 15, 2023, that Mr. Hudson would be involved in a fatal fight with a member of the gang that day. Plaintiff alleges that warning came before the assault took place. Plaintiff argues that Defendant Hobbs did not report the warning up the chain of command nor did he take any protective measures or notify Control Room Officer McCane of the threat. Plaintiff states the Complaint alleges that Defendant Hobbs had prior knowledge of the threat to Mr. Hudson, that he personally knew about the ongoing conflict between Hudson and the gang, and knew members of the gang had physically attacked Hudson in the week before the assault.

Taking the allegations as true for the purpose of a motion to dismiss, the Court finds that Plaintiff has raised a right to relief above a speculative level as to Defendant Hobbs. Plaintiff's Complaint alleges:

> After the morning meal on the day of the assault, Sergeant Hobbs had heard from prisoners that there would be a fight between the STG and individuals not affiliated with the gang. Sergeant Hobbs had personal knowledge of the ongoing conflict between Hudson and the STG members. Sergeant Hobbs had personal knowledge that members of the STG physically attacked Hudson in the week before the assault. Sergeant Hobbs had been informed on the day of the assault by another officer, Kenneth Hunt, that Hudson was going to be involved in a fatal fight with an STG member that day. Sergeant Hobbs received this information well before Hudson was assaulted and killed. Sergeant Hobbs neither reported this specific threat of assault against Hudson higher up the chain of command nor took any action to protect Hudson. Upon information and belief, Sergeant Hobbs failed to inform the HU6 assigned control room officer, Officer Adrienne McCane, of the immediate threat to Hudson's safety. Sergeant Hobbs did not take action to move Hudson into protective custody or another housing unit.

(Complaint ¶¶ 29-36). The Complaint demonstrates that Defendant Hobbs had prior knowledge of the conflict between STG and Mr. Hudson as well as the prior assaults. Defendant Hobbs was allegedly aware of the impending assault that day and it is claimed he did nothing to prevent it nor alerted anyone who could have prevented the assault and ultimate death of Mr. Hudson. Further,

the Eighth Circuit has clearly outlined the necessary elements as to an Eighth Amendment failure to protect claim that applies to members of the SCCC. At this stage of the litigation, this is enough to continue the claims of Plaintiff against Defendant Hobbs. For the reasons stated, Defendants' Motion to Dismiss Defendant Hobbs is **DENIED**.

### III. Defendant Buckner

Plaintiff states that she does not have sufficient evidence at this stage of the litigation to adequately oppose dismissal of the claims asserted against Defendant Ladonna Buckner. Thus, Plaintiff concedes she does not oppose dismissal of those claims without prejudice. As Plaintiff has voluntarily agreed to dismiss her claims against Defendant Ladonna Buckner at this time, the Court will grant Defendants' Motion to Dismiss as Defendant Ladonna Buckner. For the reasons stated, Defendants' Motion to Dismiss Defendant Ladonna Buckner is **GRANTED**. Defendant Ladonna Buckner is hereby dismissed from the case without prejudice.

### CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**. To the extent that Defendants seek dismissal of the claims against Defendants Cindy Roach and Arthur Hobbs, their motion is **DENIED**. To the extent that Defendants seek dismissal of the claims against Defendant Ladonna Buckner, it is **GRANTED**. Defendant Ladonna Buckner is hereby dismissed from the case without prejudice.

**IT IS SO ORDERED**.

DATED: April 30, 2026

/s/ Douglas Harpool
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**